CONTE C. CICALA (State Bar No. 173554)
JEANINE STEELE TEDE (State Bar No. 177731)
FLYNN, DELICH & WISE LLP
343 Sansome Street, Suite 540
San Francisco, CA 94104
Telephone:   (415) 693-5566
Telecopier:  (415) 693-0410
Email:       contec@fdw-law.com
             jeaninet@fdw-law.com

GEORGE M. CHALOS (*Pro Hac Vice forthcoming*)
CHALOS & CO, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone:   (516) 714-4300
Telecopier:  (516) 750-9051
Email:       gmc@chaloslaw.com

Attorneys for Plaintiff

RESOURCE MARINE PTE., LTD.

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION**

| | |
|---|---|
| RESOURCE MARINE PTE., LTD. | **CASE NO.: 2:12-CV-1357** |
| Plaintiff, | IN ADMIRALTY |
| vs. | **ORIGINAL VERIFIED COMPLAINT** |
| SOLYM CARRIERS (LONDON) LIMITED f/k/a AEGIS CARRIERS (A.C.E.) LTD., PRIMAL SHIPMANAGEMENT INC., SOLYM CARRIERS LIMITED, and SHINE NAVIGATION LTD., | |
| Defendants. | |

Plaintiff, RESOURCE MARINE PTE., LTD., by undersigned counsel, for its Original Verified Complaint against Defendants: SOLYM CARRIERS (LONDON) LIMITED f/k/a AEGIS CARRIERS (A.C.E.) LTD., PRIMAL SHIPMANAGEMENT INC., SOLYM CARRIERS LIMITED, and SHINE NAVIGATION LTD., alleges and pleads as follows:

## I. JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contract *i.e.* an executed time charter party for the employment of a seagoing cargo vessel. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Federal Arbitration Act, 9 U.S.C. §§ 4, 8 in aid of maritime arbitration.

2. At all times material hereto Plaintiff, RESOURCE MARINE PTE., LTD. (hereinafter "RESOURCE"), was and is a company organized under the laws of Singapore with a principal place of business at 10 Marina Boulevard #17-01 Tower 2, Marina Bay Financial Centre, Singapore 018983.

3. At all times material hereto Defendant, SOLYM CARRIERS (LONDON) LIMITED f/k/a AEGIS CARRIERS (A.C.E.) LTD. (hereinafter "AEGIS"), was and is a foreign company organized under the laws of England and Wales with a registered office at 247 Gray's Inn Road, London, United Kingdom WC1X 8QZ and a principal office address located at 41 Whitehall, Westminster, London SW1A 2BY.

4. At all times material hereto Defendant, PRIMAL SHIPMANAGEMENT INC. (hereinafter "PRIMAL"), was and is a foreign company organized under the laws of the Republic of Liberia with a registered office at 80 Broad Street, Monrovia, Liberia and a principal office address located at 91 Papanastasiou Street, 185 33, Kastella, Greece.

5. At all times material hereto Defendant, SOLYM CARRIERS LIMITED (hereinafter "SOLYM"), was and is a foreign company organized under the laws of Gibraltar with a registered office at 57/63 Line Wall Road, Gibraltar. SOLYM shares a principal office address

with PRIMAL at 91 Papanastasiou Street, 185 33, Kastella, Greece.

6. At all times material hereto Defendant, SHINE NAVIGATION LIMITED (hereinafter "SHINE"), was and is a foreign company organized under the laws of the Republic of Liberia with a registered office at 80 Broad Street, Monrovia, Liberia, and the registered owner of the bulk carrier M/V SIDER PINK, IMO Number 9363883.

7. The jurisdiction of this Honorable Court is founded on the presence within the District of property of the Defendants that may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, as pled in Section V of this Verified Complaint.

8. Venue is proper in this matter as the property sought to be attached is currently located within the Sacramento Division, specifically at the port of West Sacramento.

## II. THE SUBSTANTIVE CLAIMS

### UNPAID HIRE

9. Head owners of the vessel M/V BALTIC LEOPARD, Baltic Leopard Limited (hereinafter "BLL") entered into a time charter party with Plaintiff RESOURCE for use of the vessel. The specific terms and conditions were set forth in the fixture recap and incorporated all other terms pursuant to a charter known as the GENCO LOIRE/OLDENDORFF charter. *A copy of the head charter party is attached hereto as **Exhibit 1-A**.*

10. On or about April 20, 2011, Plaintiff, as disponent owners of the M/V BALTIC LEOPARD, sub-chartered the vessel to AEGIS for a time charter for a period of "about 11.5mos until minimum the 1st April 2012 to maximum 30 April 2012." The charter agreement between Plaintiff and Defendant AEGIS set forth specific terms as per the fixture recap and incorporated all other terms of the head charter party. *A copy of the fixture recap is attached hereto as **Exhibit***

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA 94104
(415) 693-5566

*1-B*.

11. The April 20 charter party agreement is a maritime contract.

12. Under the terms of the time charter party, AEGIS was required to pay USD 14,200 per day to Plaintiff payable every fifteen (15) days in advance. *See* Exhibit 1-B at pg. 3.

13. The parties further agreed to the arbitration of disputes arising out of the maritime contract in London with English law to apply.

14. The time charter party provided that Defendant AEGIS' performance and obligations under the charter agreement were fully guaranteed by Defendant SOLYM. *See* Exhibit 1-B at pgs. 2-3. Defendant SOLYM executed a written performance guarantee dated April 14, 2011 pursuant to which it guaranteed Defendant AEGIS' performance of the time charter party as primary obligor and not merely as surety. *A copy of the performance guarantee is attached hereto as **Exhibit 2***.

15. Plaintiff duly delivered the M/V BALTIC LEOPARD into her service as required under the charter party.

16. Notwithstanding, Defendants AEGIS and SOLYM, in breach of the charter party agreement, re-delivered the vessel in advance of the contractually agreed period and wrongfully withheld hire due and owing to Plaintiff.

17. In consequence of the foregoing, Plaintiff sustained principal damages in the amount of and/or is owed sums totaling **USD 232,694.18**, as is shown in Plaintiff's final hire statement to Defendants AEGIS and SOLYM issued on 18 July 2012. *A copy of the final hire statement is attached hereto as **Exhibit 3***.

18. Plaintiff has duly demanded payment from Defendants and also, in the alternative, sought security from Defendants for this claim, both of which Defendants have refused and

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA 94104
(415) 693-5566

resisted.

## UNSAFE BERTH

19. Plaintiff re-alleges and incorporates by reference paragraphs nine (9) to seventeen (17) of this Complaint.

20. Under the terms of the time charter agreement between Plaintiff and Defendant AEGIS (which incorporated substantially the same terms of the head charter party between vessel owners and Plaintiff), the M/V BALTIC LEOPARD was required to always trade via safe berths, safe ports and safe anchorages. *See* Exhibit 1-B at pg. 3.

21. In June 2011, the M/V BALTIC LEOPARD was ordered to discharge cargo at the Ibeto Cement Terminal located at Port Harcourt, Nigeria.

22. During discharge operations on July 19, 2011, wake from a passing vessel caused the M/V BALTIC LEOPARD to range against her moorings causing damage to both the vessel itself and the terminal.

23. In this regard, the terminal has claimed damages against BLL, as head owners of the M/V BALTIC LEOPARD.

24. Vessel owners, BLL, have claimed both the terminal to be an unsafe berth and the Port Harcourt, Nigeria to be an unsafe port for the M/V BALTIC LEOPARD in breach of the terms and conditions of the head charter party and seek to hold Plaintiff liable for damages under the head charter party agreement. *See* Exhibit 1-A at pg. 3.

25. Under the terms of the head charter party, all disputes between vessel owners and Plaintiff are subject to London Arbitration with English law to apply. *See* Exhibit 1-A at pg. 15, clause 30.

26. In this regard, Vessel owners, BLL, have demanded security from Plaintiff in

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA 94104
(415) 693-5566

connection with BLL's damages suffered as a result of the unsafe berth and unsafe port. The security demand specifically seeks: USD 10,000,000 for damages sustained to the M/V BALTIC LEOPARD and Ibeto Cement Terminal along with interest and costs.

27. By allowing the M/V BALTIC LEOPARD to attend at an unsafe port and berth at an unsafe location, AEGIS breached its sub-charter party agreement with Plaintiff. See Exhibit 1-B at pg.3.

28. Plaintiff has made due demand upon Defendants AEGIS and SOLYM to assume the defense of head owner, BLL's, claims and/or post security for the claims as the actual parties responsible for damages arising from the M/V BALTIC LEOPARD attendance at the unsafe berth/port pursuant to the April 20 sub-charter party agreement.

29. Notwithstanding, Defendants AEGIS and SOLYM have failed, neglected or otherwise refused to assume the defense of head owner BLL's claim and/or post security.

30. Accordingly, Plaintiff is entitled to seek security from Defendants for BLL's unsafe berth/port claims to which Defendants are ultimately liable under the terms and conditions of the April 20 sub-charter party agreement.

### III. <u>UNDERLYING PROCEEDINGS ON THE MERITS</u>

31. Pursuant to the terms of the charter party, disputes between the Plaintiff and Defendants are to be submitted to arbitration in London with English law to apply. Plaintiff duly commenced arbitration against Defendants on August 28, 2012 for the unpaid hire claim. In addition, Plaintiff's claims for unsafe berth/port against Defendants AEGIS and SOLYM are also subject to London arbitration under the sub-charter party agreement.

32. This action is an ancillary proceeding, brought in order to obtain jurisdiction over Defendants and to obtain security for Plaintiff's claims in aid of London arbitration proceedings.

Original Verified Complaint
Case No.: 2:12-CV-1357

33. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 61 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party.

## IV.   DEFENDANTS' CORPORATE IDENTITY

34. Notwithstanding their formal separate incorporation, the Defendants are in actual fact a single business entity pursuing functionally differentiated business objectives through nominally separate business structures but always subject to the command and control of Mr. Nikolaos Papalios.

35. According to Lloyd's List Intelligence database, Mr. Nikolaos Papalios maintains beneficial ownership of numerous vessels, including the M/V SIDER PINK, through the use of various shell companies such as Defendant SHINE. *See documents attached hereto as **Exhibit 4**.*

36. On June 12, 2012, Defendant AEGIS changed its name from "Aegis Carriers (A.C.E.) Limited" to "Solym Carriers (London) Limited." According to documents filed with the English registry, Mr. Nikolaos Papalios is the sole director of AEGIS and the company's sole shareholder. *See documents attached hereto as **Exhibit 5**.*

37. Defendant SOLYM is a wholly owned subsidiary of non-defendant Liberian company, Frantic Maritime Inc., which is in turn owned in its entirety by Mr. Nikolaos Papalios. *See documents attached hereto as **Exhibit 6**.*

38. According to Lloyd's List Intelligence database, Defendant PRIMAL serves as a commercial operator for several vessels beneficially owned by Mr. Nikolaos Papalios, including Defendant SHINE and the M/V SIDER PINK. *See documents attached hereto as **Exhibit 7**.*

39. Defendant PRIMAL is also owned in its entirety by Mr. Nikolaos Papalios and subject to his complete control as sole director/president of the company. *See Defendant*

*PRIMAL's incorporation documents attached hereto as **Exhibit 8***.

40. Though Defendants comprise nominally separate corporate business / legal entities, their ownership and control is so intertwined and fused that they are distinct from one another merely as a matter of formality. As is pled more specifically below, Defendant SHINE is believed to be another mere alter ego of the Papalios group of companies subject to the complete control and domination of Mr. Nikolaos Papalios.

41. In conduct of their ocean transport business with chartered-in, non-owned tonnage, Defendants SOLYM and PRIMAL routinely guaranteed the performance and obligations of AEGIS under various charter party agreements. *See* Exhibit 2.

42. On May 6, 2011, Defendant PRIMAL issued to Plaintiff a performance guarantee on behalf of AEGIS pursuant to a separate charter party agreement for the vessel M/V BALTIC JAGUAR. *A copy of the performance guarantee is attached hereto as **Exhibit 9***.

43. Both performance guarantees, issued by SOLYM and PRIMAL on their respective company letterhead, list the same principal business address and telephone number, *i.e.* 91 Papanastasiou Street, 185 33, Kastella, Greece, tel: (+30) 210 412 7777.

44. The Office of the Deputy Commissioner of Maritime Affairs for the Republic of Liberia maintains copies of the mortgage for the M/V SIDER PINK, which further connects the Defendants and establishes Mr. Nikolaos Papalios as the beneficial owner of the M/V SIDER PINK through his holding company SHINE. *A copy of the mortgage agreement is attached hereto as **Exhibit 10**.*

45. Under the terms of the Mortgage Agreement between the lending bank and Defendant SHINE, Defendant PRIMAL is required to serve as commercial/technical manager of the M/V SIDER PINK. *See* Exhibit 10 at pg. 16.

-8-

Original Verified Complaint
Case No.: 2:12-CV-1357

46. The Mortgage Agreement was signed in connection with a Loan Agreement between Defendant SHINE and a co-borrower and a lending bank, an agent, a security agent and a swap provider, in relation to which Defendant SHINE, its co-borrower and the swap provider, also entered into an ISDA Master Agreement. *Copies of the Loan Agreement and Master Agreement are attached hereto as **Exhibit 11** and **Exhibit 12**, respectively.*

47. Under the Loan Agreement, all notices to SHINE are to be sent care of Defendant PRIMAL at its principal place of business in Greece and the same applies under the Master Agreement. *See* Exhibit 11 at pg. 58 and Exhibit 12 at Part 4(a).

48. In addition, the Master Agreement defines PRIMAL as the corporate guarantor and Mr. Nikolaos Papalios as the personal guarantor for Defendant SHINE. *See* Schedule to the Master Agreement at Part 4(g).

49. Accordingly, upon information and belief, Defendants are mere alter egos of each other subject to the complete domination and control of one person, Mr. Nikolaos Papalios.

### V. APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

50. None of the Defendants are present or can be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of George M. Chalos attached hereto as **Exhibit 13***. Notwithstanding, the Defendants currently have within the District tangible personal property comprised of the M/V SIDER PINK, IMO Number 9363883, which is subject to attachment as security for Plaintiff's maritime claims.

51. Defendants, having operated at all relevant times as a single enterprise, and being the *alter ego* of each other in the circumstances set in the above and foregoing Original Verified

-9-

Original Verified Complaint
Case No.: 2:12-CV-1357

Complaint, it would be fair and equitable for any asset of this enterprise to be subject to the claims of creditors of the enterprise, such as Plaintiff, and for any such assets to be attached as security for Plaintiff's maritime claims.

52. Plaintiff has maritime claims against the Defendants AEGIS, PRIMAL, SOLYM and SHINE arising out of a maritime contract.

53. As best as can now be estimated at this time, Plaintiff RESOURCE expects to recover the following amounts in London Arbitration from Defendants:

  A.  Principal Damages for Unpaid Hire . . . . . . . . . . . . . USD     232,694.18

  B.  Estimated interest on Unpaid Hire Claim. . . . . . . . USD      23,500.00
      *3 years at 3.25% compounded quarterly*

  C.  Damages from Unsafe Berth/Port Claims. . . . . . . USD 10,000,000.00

  E.  Estimated attorneys' fees. . . . . . . . . . . . . . . . . . . . . USD     600,000.00

  D.  **TOTAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . USD 10,856,194.18**

Therefore, Plaintiff's total claim for breach of the maritime contract against Defendants is in the aggregate sum of **USD 10,856,194.18.**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendants and said Defendants be cited to appear and answer the allegations of this Complaint;

B. That if Defendants cannot be found within this district, then all of their respective property within this district, specifically the M/V SIDER PINK, IMO Number 9363883, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

Original Verified Complaint
Case No.: 2:12-CV-1357

C. That a judgment be entered against the Defendants in the sum of USD **10,856,194.18** and the proceeds of the assets attached be applied in satisfaction thereof;

D. That the Court grant such other and further relief as it deems, just, equitable and proper.

DATED: October 12, 2012                            Respectfully Submitted,
                                                   *Attorneys for Plaintiff*
                                                   RESOURCE MARINE PTE., LTD.

                                            By:    s/ Conte C. Cicala
                                                   Conte C. Cicala (State Bar No. 173554)
                                                   Jeanine Steele Tede (State Bar No. 177731)
                                                   FLYNN, DELICH & WISE LLP
                                                   343 Sansome Street, Suite 540
                                                   San Francisco, CA 94104
                                                   Telephone:    (415) 693-5566
                                                   Telecopier:   (415) 693-0410
                                                   Email:   contec@fdw-law.com
                                                            jeaninet@fdw-law.com

                                                   George M. Chalos
                                                   *(pro hac vice application forthcoming)*
                                                   CHALOS & CO, P.C.
                                                   55 Hamilton Avenue,
                                                   Oyster Bay, NY 11771
                                                   Telephone: (516) 714-4300
                                                   Telecopier: (516) 750-9051
                                                   Email: gmc@chaloslaw.com

///

///

///

///

///

///

///

///

///

///

-11-

Original Verified Complaint
Case No.: 2:12-CV-1357

CONTE C. CICALA  (State Bar No. 173554)
JEANINE STEELE TEDE (State Bar No. 177731)
FLYNN, DELICH & WISE LLP
343 Sansome Street, Suite 540
San Francisco, CA 94104
Telephone:     (415) 693-5566
Telecopier:    (415) 693-0410
Email:         contec@fdw-law.com

GEORGE M. CHALOS (*Pro Hac Vice forthcoming*)
CHALOS & CO, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone:     (516) 714-4300
Telecopier:    (516) 750-9051
Email:         gmc@chaloslaw.com

Attorneys for Plaintiff

RESOURCE MARINE PTE., LTD.

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| RESOURCE MARINE PTE., LTD. | **CASE NO.:2:12-CV-1357** |
| Plaintiff, | IN ADMIRALTY |
| vs. | **VERIFICATION OF COMPLAINT** |
| SOLYM CARRIERS (LONDON) LIMITED f/k/a AEGIS CARRIERS (A.C.E.) LTD., PRIMAL SHIPMANAGEMENT INC., SOLYM CARRIERS LIMITED, and SHINE NAVIGATION LTD., | |
| Defendants. | |

Pursuant to 28 U.S.C. §1746, I, CONTE C. CICALA, declare under the penalty of perjury:

1. I am a partner of the law firm of FLYNN, DELICH & WISE LLP, counsel for the Plaintiff, RESOURCE MARINE PTE., LTD., herein and a member in good standing of this Honorable Court;

2. I have read the foregoing Verified Complaint and know the contents thereof; and

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose original signature verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 12, 2012

Respectfully Submitted,
*Attorneys for Plaintiff*
RESOURCE MARINE PTE., LTD.

By:   s/ Conte C. Cicala
Conte C. Cicala (State Bar No. 173554)
Jeanine Steele Tede (State Bar No. 177731)
FLYNN, DELICH & WISE LLP
343 Sansome Street, Suite 540
San Francisco, CA 94104
Telephone:  (415) 693-5566
Telecopier:  (415) 693-0410
Email:  contec@fdw-law.com
           jeaninet@fdw-law.com

George M. Chalos
*(pro hac vice application forthcoming)*
CHALOS & CO, P.C.
55 Hamilton Avenue,
Oyster Bay, NY 11771
Telephone: (516) 714-4300
Telecopier: (516) 750-9051
Email: gmc@chaloslaw.com

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA 94104
(415) 693-5566