CONTE C. CICALA  (State Bar No. 173554)
JEANINE STEELE TEDE (State Bar No. 177731)
FLYNN, DELICH & WISE LLP
343 Sansome Street, Suite 540
San Francisco, CA 94104
Telephone:	(415) 693-5566
Telecopier:	(415) 693-0410
Email:	contec@fdw-law.com

GEORGE M. CHALOS
*Admitted Pro Hac Vice*
CHALOS & CO, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone:	(516) 714-4300
Telecopier:	(516) 750-9051
Email:	gmc@chaloslaw.com

Attorneys for Plaintiff

RESOURCE MARINE PTE., LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

| | |
|---|---|
| RESOURCE MARINE PTE., LTD.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SOLYM CARRIERS (LONDON) LIMITED f/k/a AEGIS CARRIERS (A.C.E.) LTD., PRIMAL SHIPMANAGEMENT INC., SOLYM CARRIERS LIMITED, and SHINE NAVIGATION LTD.,<br><br>　　　　Defendants. | **CASE NO.: 2:12-cv-2554-JAM**<br><br>**IN ADMIRALTY**<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR AN ORDER REQUIRING THE POSTING OF SECURITY FOR COSTS** |

COMES NOW, Plaintiff RESOURCE MARINE PTE., LTD. ("RESOURCE"), by and through undersigned counsel, and submits this Response in Opposition to Defendant SHINE NAVIGATION LTD.'s ("SHINE"), Motion to for an Order Requiring the Posting of Security for Costs. *See* Dkt. # 17.  Similar to SHINE's unilateral approaches to this Court seeking an

immediate hearing on the pending attachment without any communication to Plaintiff (or its counsel), SHINE has, once again burdened this Court without even the most minimal effort to confer with Plaintiff. For the reasons more fully set forth within, it is clear that SHINE's application was filed with a view to be inflammatory[1] to Plaintiff, but is not well supported in either law or fact. Defendant SHINE actions should not be well received by this Court and its application should be denied in all respects.

## FACTS AND PROCEDURAL BACKGROUND

The M/V SIDER PINK was attached on October 15, 2012. *See* Docket #7. Magistrate Judge Hollows issued an Order for appointment of the substitute custodian on October 12, 2012, directing the United States Marshal to transfer custody of the M/V SIDER PINK following her attachment to the substitute custodian, National Maritime Services ("NMS"). *See* Docket #8.[2] The M/V SIDER PINK currently remains in the custody of the substitute custodian NMS in the Eastern District of California.

Had SHINE approached Plaintiff, it would have readily been conceded that Plaintiff RESOURCE is obliged to cover all *custodia legis* expenses in the first instance. When the costs identified by SHINE, (*i.e.* daily dockage at (USD 2,113.56) and port security (USD 1,250)), become properly due and owing, the appropriate course of conduct is for the service providers to present invoices to the substitute custodian; following which an application will be presented to the Court (by Plaintiff) for approval as "*custodia legis*" expenses.

---

[1] Although Plaintiff does not wish to press the point further, it is fair to characterize SHINE's application as frivolous.
[2] Specifically, the Order provides, *inter alia*, as follows, ". . . the aforesaid substitute custodian shall be appointed to act as substitute custodian of the M/V SIDER PINK during *custodia legis* on behalf of this Court, in place and instead of the United States Marshal. . ." *Id.*, p. 1.

Response in Opposition to Defendant's Motion
Case No.: 2-12-cv-2554-JAM

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA 94104
(415) 693-5566

# ARGUMENT

**A.     SHINE's Reliance upon Rule E(2)(b) and Local Rule 520 and 521 is Misplaced**

It is respectfully submitted that SHINE is not entitled to security under Supplemental Rule E(2)(b) and Local Rule 520[3] for the alleged costs which are more properly categorized as "*custodia legis.*"  Rule E(2)(b) contemplates security for the potential award of "costs and expenses" by interlocutory order, final judgment, or on appeal. *See Greger Leasing Corp. v. Barge Pt. Potrero*, 2006 U.S. Dist. LEXIS 18863, *8-11 (N.D. Cal. 2006) (Where the Court held that relief under E(2)(b) is limited and that there was no basis to require security in excess of the USD 500.00 required by N.D. Cal. Local Admiralty Rule 7-1)(citing Supp. Adm. Rule E(2)(b) and A.L.R. 7-1).  In this matter, Defendant has filed a Motion to Vacate (Dkt. #13).  There is no evidence that Plaintiff will ever be liable to Defendant SHINE for any "costs and expenses."

Furthermore, Local Rule 521 and 28 U.S.C. § 1921 specifically apply to the rights of the United States Marshal to be secured for any Marshal fees and expenses incurred in connection with carrying out its duties.  *Id*.  Plaintiff provided the U.S. Marshal with a deposit of USD 5,000 for its fees and expenses in connection with serving the process of maritime attachment and garnishment upon the vessel and no further deposit has been requested by the U.S. Marshal. Accordingly, SHINE's reliance upon L.R. 521 and 28 U.S.C. § 1921 is inapplicable.

**B.     The District Court has the Authority to Designate *Custodia Legis* Expenses**

*Custodia legis* expenses are defined as expenses incurred "when a vessel is in the custody of the law, having been seized by the Marshal." *United States v. One (1) 254 Ft. Freighter, the M/V Andoria*, 570 F. Supp. 413, 416 (E.D. La. 1983) (*internal citations omitted*).  Only expenses

---

[3] Eastern District of California Local Rule 520(a) is merely incorporates the procedural motion requirements for a movant seeking costs under Supplemental Rule E(2)(b).

"for services or property furnished [to a vessel] after its seizure by the U.S. Marshal…can be considered to have been incurred while the vessel was *in custodia legis*." *Fortis Bank (Nederland) N.V. v. M/V Shamrock*, 379 F. Supp. 2d 2, 8 (D. Me. 2005) (citing *One (1) 254 Ft. Freighter, the M/V Andoria*, 570 F. Supp. at 416); *see also Morgan Guaranty Trust Co. v. Hellenic Lines, Ltd.*, 593 F. Supp. 1004, 1010 (S.D.N.Y. 1984)("Services or property advanced to preserve and maintain the arrested vessels, furnished upon authority of the court, are allowable as *custodia legis* expenses.")

No liens may accrue against a vessel once she has been attached or arrested. However, an exception, arising out of equitable province of the court, applies to any service furnished to a vessel, while in the court's custody, that contributes to the preservation of the value of the asset or the creation of fund from the vessel's sale. *See Transamerica Commercial Finance v. F/V SMILELEE*, 944 F.2d 186, 189 (4th Cir. 1991) (citing *New York Dry Dock v. S/S POZNAN,* 274 U.S. 117, 122-23, 71 L. Ed. 955, 47 S. Ct. 482 (1927) ("The most elementary notion of justice would seem to require that services or property furnished upon the authority of the court or its officer, acting within his authority, for the common benefit of those interested in a fund administered by the court, should be paid from the fund as an 'expense of justice.'").

This well settled principle has long been recognized by the Ninth Circuit Court of Appeals and the District Courts herein. "The custodial court ***must*** have the power to incur debts and to guarantee their repayment." *United States v. The Audrey II*, 185 F. Supp. 777, 781 (N.D. Cal. 1960) (emphasis added) (*citing New York Dry Dock,* 274 U.S. at 122.) Not only are custodial courts capable of creating liens, but the *in custodia legis* doctrine affords the District Court the equitable authority to recognize and honor the claims which arise during the vessel's custody. *Id*. (citing *The Willamette Valley*, 66 F. 565, 568 (9th Cir. 1895)).

**C.  *Custodia Legis* Expenses Incurred by M/V SIDER PINK**

There is no doubt that *custodia legis* expenses will accrue during the tenure of the vessel's attachment.  Plaintiff respectfully submits that once invoices from the appropriate service providers to the vessel have been received, they will be submitted to the Court for review and designation as *custodia legis* expenses.[4]

## CONCLUSION

For the foregoing reasons, Plaintiff RESOURCE respectfully requests that this Court deny the Defendant's Motion for an Order Requiring the Posting of Security for Costs in its entirety.

DATED: October 22, 2012                              Respectfully Submitted,

*Attorneys for Plaintiff*

By:    /s/ George M. Chalos
       George M. Chalos
       *Admitted Pro Hac Vice*
       CHALOS & CO, P.C.
       55 Hamilton Avenue,
       Oyster Bay, NY 11771
       Telephone:   (516) 714-4300
       Telecopier:  (516) 750-9051
       Email: gmc@chaloslaw.com

       s/ Conte C. Cicala
       Conte C. Cicala (State Bar No. 173554)
       Jeanine Steele Tede (State Bar No. 177731)
       FLYNN, DELICH & WISE LLP
       343 Sansome Street, Suite 540
       San Francisco, CA 94104
       Telephone:   (415) 693-5566
       Telecopier:  (415) 693-0410
       Email: contec@fdw-law.com

---

[4] The designation of the expenses as *custodia legis*, is necessary as it serves to guarantee payment to those providing necessary preservation and maintenance services to the vessel (or the reimbursement of same as the case may be). *See Dresdner Bank AG v. M/V Olympia Voyager*, 465 F.3d 1267, 1273 (11th Cir. 2006) (quoting *Bassis v. Universal Line, S. A.*, 484 F.2d 1065, 1068 (2d Cir. 1973) ("[T]hose furnishing custodial services to a ship *in custodia legis* are gambling on a wholly unpredictable result unless they take the precaution of having their services authorized in advance by an order of the custodial court." (internal quotation marks omitted)); *Payne v. S.S. Tropic Breeze*, 423 F.2d 236, 239 (1st Cir. 1970).

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA 94104
(415) 693-5566